UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE UNITED STATES OF AMERICA,

      Plaintiff,                )

                                   )

v.                                 )

                                 )

NINE THOUSAND, FOUR HUNDRED   )     Case No.
AND EIGHTY DOLLARS IN U.S.      )
CURRENCY ($9,480.00),            )

                                 )

and                              )

                                 )

TEN THOUSAND DOLLARS IN U.S.   )
CURRENCY ($10,000.00),       )

                                 )

                                 )

      Defendants.         )

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorneys for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1.     This is a civil action in rem brought by the United States seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant to pursuant to Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

1

2.     The defendant property was seized by law enforcement on or about January 4, 2018, and is described more fully as: $9,480.00 U.S. currency and $10,000.00 U.S. currency.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4.     Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.   Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## Statutory Framework

5.     Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6.     Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7.     Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8.     Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9.     Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

**FACTS GIVING RISE TO FORFEITURE**

11.     On or about the morning of January 4, 2018, Lai Saeteurn ("Saeteurn") and Andrea Rodriguez-Aboites ("Rodriguez-Aboites") purchased United Airlines tickets departing from St. Louis Lambert International Airport, within the Eastern District of Missouri, and arriving in Sacramento, California, with a layover in Houston, Texas.   The flight was scheduled to depart

3

later that afternoon.

12.    Law enforcement agents approached Saeteurn and Rodriguez-Aboites in the jet way just prior to the flight departing St. Louis, Missouri.

13.    Saeteurn had a carry-on backpack in his possession.   Saeteurn consented to a search of his backpack.   Inside, agents discovered a stack of U.S. currency that was later determined to be $9,480.00.

14.    Saeteurn provided a California driver's license showing that he resided in Sacramento, California.   Saeteurn told agents that the currency in his bag was money that he won while gambling at a casino.   Saeteurn then asked agents why he had been approached since he was not carrying more than $10,000 in U.S. currency.

15.    Agents asked Saeteurn whether he thought that a drug detection canine would alert positively to the presence of drugs on the currency found in his backpack.   Saeteurn said yes.

16.    Saeteurn then changed his story and disclaimed ownership of the currency.

17.    Following questioning, Saeteurn completed and signed a "Disclaimer of Ownership of Assets & Waiver of Rights to Notice of Seizure" form.   On this form, Saeturn acknowledged that $9,480 was seized from him and he initialed next to the following statement: "I hereby state that I am not the owner of the listed assets and have no claim for its return to me."

18.    Rodriguez-Aboites told agents that she had checked a roller bag, and consented to a search of her roller bag.

19.    Airline employees retrieved Rodriguez-Aboites' checked roller bag.   Inside, agents discovered a stack of U.S. currency that was later determined to be $10,000.00.

20.    Rodriguez-Aboites provided a California driver's license showing that she resided

4

in Shingle Springs, California.   Agents asked Rodriguez-Aboites why she was in St. Louis, Missouri.   Rodriguez-Aboites told agents that she and Saeteurn traveled to St. Louis, Missouri, to help their friend "Luis" move, and that they had been in town for two days.   Rodriguez-Aboites did not know "Luis'" last name and could not provide a telephone number for him.

21.     Rodriguez-Aboites first told agents that the U.S. currency inside her roller bag was given to her by "Luis" for helping him move.   However, Rodriguez-Aboites later changed her story and disclaimed ownership of the currency.

22.     Following questioning, Rodriguez-Aboites completed and signed a "Disclaimer of Ownership of Assets & Waiver of Rights to Notice of Seizure" form.   On this form, Rodriguez-Aboites acknowledged that currency was seized from her and she initiated next to the following statement: "I hereby state that I am not the owner of the listed assets and have no claim for its return to me."   In addition, next to the statement "The assets came into my possession under the following circumstances," Rodriguez-Aboites wrote "They just gave it to me."

23.     Agents deployed a certified drug detection canine who alerted to the presence of narcotics on the seized currency.

**COUNT ONE – FORFEITURE**
**21 U.S.C. § 881(a)(6)**

24.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 23 above as if fully set forth herein.

25.     The defendant property was seized in transit to a known narcotics source area and was being carried by individuals who provided inconsistent stories of its source and ownership,

5

and then ultimately disclaimed ownership.   In addition, a trained narcotics canine alerted positively to the presence of a controlled substance on the currency.

26.     The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished or intended to be furnished in exchange for a controlled substance, or as proceeds traceable to such exchange, and as money used or intended to be used to facilitate any violation of the Controlled Substances Act.

**COUNT TWO – FORFEITURE**
**18 U.S.C. § 981(a)(1)(A)**

27.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 23 above as if fully set forth herein.

28.     The defendant property is proceeds of an unlawful activity involving controlled substances and was transported by and through the Eastern District of Missouri by Saetuern and Rodriguez-Aboites with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

29.     Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

**COUNT THREE – FORFEITURE**
**18 U.S.C. § 981(a)(1)(C)**

30.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 23 above as if fully set forth herein.

31.     The defendant property is proceeds of an unlawful activity involving controlled

substances that travelled with Saetuern and Rodriguez-Aboites in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

32.    Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Dated: June 29, 2018                          Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646DC
Assistant United States Attorneys
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:  (314) 539-2200

## VERIFICATION

I, Christopher T. Most, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____6/29/18_____
(date)

_____
Christopher T. Most
Special Agent
Drug Enforcement Administration

8

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

- ☐ 1   U.S. Government
Plaintiff
- ☐ 2   U.S. Government
Defendant
- ☐ 3   Federal Question
(U.S. Government Not a Party)
- ☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893  Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN     (Place an "X" in One Box Only)

- ☐ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:       ☐ Yes     ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):          JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                    APPLYING IFP                    JUDGE                        MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| , | ) | |
| plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| , | ) | |
| defendant. | ) | |

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT,

PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE

OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NINE THOUSAND, FOUR HUNDRED | ) | |
| AND EIGHTY DOLLARS IN U.S. | ) | |
| CURRENCY ($9,480.00), | ) | |
| | ) | |
| Defendant. | ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on June 29, 2018, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

GREGORY J. LINHARES, CLERK
United States District Court


By: _____
Deputy Clerk

Date: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TEN THOUSAND DOLLARS IN U.S. | ) | |
| CURRENCY ($10,000.00), | ) | |
| | ) | |
| Defendant. | ) | |

## WARRANT FOR ARREST OF PROPERTY

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on June 29, 2018, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

GREGORY J. LINHARES, CLERK
United States District Court

By: _____
Deputy Clerk

Date: _____